UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT A. DOANE<br><br>Plaintiff<br><br>v.<br><br>BMX HOLDINGS, LLC<br>MARCIO A. VASCONCELOS, and<br>MAXSUEL A. VASCONCELOS<br><br>Defendants | Case No.<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Robert A. Doane ("Doane" or "Plaintiff"), by his undersigned counsel, for this class action complaint against Defendants BMX Holdings, LLC, Maxsuel A. Vasconcelos, and Marcio A. Vasconcelos, as well as their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I.   INTRODUCTION

1. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227).  As Congress explained, the law was "a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id*. § 2(6) and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id*. § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2.      "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call Registry. *See* 47 C.F.R. § 64.1200(c)(2).  If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id*.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to ... initiat[e] any outbound telephone call to a person when ... [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.') [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)].

3.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own, as part of their multi-state illegal telemarketing activities.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed class of persons who received illegal telemarketing calls from or on behalf of Defendants.

## II.      PARTIES

5.      Plaintiff Robert A. Doane is an individual who resides in the District of Massachusetts.

6.      Defendant BMX Holdings, LLC. ("BMX") is a limited liability company organized under the laws of the State of Nevada.  BMX is registered in the Commonwealth of Massachusetts as a foreign entity and has a principal place of business in Massachusetts located at 137 Howe Street, Unit B, Natick, Massachusetts 01760-3005.

7.  Defendant Maxsuel A. Vasconcelos ("Maxsuel Vasconcelos") is a citizen of the Commonwealth of Massachusetts residing at 137 Howe Street, Unit B, Natick, Massachusetts 01760. At all times relevant, Maxsuel Vasconcelos was the "manager" of BMX and directed and controlled BMX and personally participated in the unlawful conduct alleged in this Complaint.

8.  Defendant Marcio A. Vasconcelos ("Marcio Vasconcelos") is a citizen of the Commonwealth of Massachusetts residing at 16 Ordway Street, Framingham, Massachusetts 01702. At all times relevant, Marcio Vasconcelos managed BMX's employees and contractors and likewise directed BMX and personally participated in the unlawful conduct alleged in this Complaint.

### III. JURISDICTION AND VENUE

9.  This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

10. This Court has personal jurisdiction over Defendants. The Court has general personal jurisdiction over Defendants Maxsuel Vasconcelos and Marcio Vasconcelos as they are citizens of Massachusetts. The Court has personal jurisdiction over Defendant BMX because BMX regularly transacts and has transacted business in Massachusetts by, among other things, placing unsolicited calls to Massachusetts residents and contracting to provide goods and services in Massachusetts. BMX likewise maintains its principal office in Massachusetts. Further, the acts or conduct that are the subject matter of this action arose from BMX's transaction of business in Massachusetts.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims-namely, the illegal telemarketing at issue-occurred and was orchestrated in this District.

## IV.    FACTS

### A.     The Enactment of the TCPA and its Regulations

12.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.     Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(l).

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the Registry "must be honored indefinitely or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes such calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B.     Unsolicited Telemarketing to Plaintiff

17.     Plaintiff is, and at all times relevant herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's residential wireless telephone number, (XXX)-XXX-3908, is on the National Do Not Call Registry, and has been for more than one year prior to the calls at issue.

19. Plaintiff uses the number solely for personal, residential, and household reasons.

20. Defendants claim to buy houses in "any condition" and claim to be the "best source for real estate investors to find great discount and investment property." Defendants advertise their services on websites, including but not limited to www.5minuteshomeoffer.com.

21. At all relevant times, Defendants engaged in extensive multi-state telemarketing efforts in order to promote their purported services. This telemarketing includes "cold calling"[1] consumers on the National Do Not Call Registry, and widespread use of local caller-ID spoofing and fictitious names including "5 Minute Home Offer."

22. Doane never consented to receive calls from Defendants.

23. Doane never did business with any of the Defendants.

24. Plaintiff nevertheless received at least ten (10) unsolicited calls from Defendants as part of their illegal telemarketing campaign, between January 17, 2022 and February 8, 2023. The calls all followed the same fact pattern. Specifically, the calls were made from various numbers with local prefixes, and the agents read from the same script promoting Defendants' real estate services.

25. The calls were unwanted, so Plaintiff did not answer several of the calls.

26. None of the Defendants are registered as telephone solicitors with the Massachusetts Office of Consumer Affairs and Business Regulation as required by 201 CMR, §12.04.

27. Plaintiff's privacy has been violated by the above-described telemarketing calls.

---

[1] These calls number at least 3000 a day.

28. Plaintiff never provided his consent or requested these calls.

29. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V.    CLASS ACTION ALLEGATIONS

30. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

31. Excluded from the Class are counsel for the parties, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. The Class, as defined above, is identifiable through telephone records and telephone number databases.

33. The potential members of the Class likely number at least in the thousands because of the *en masse* nature of telemarketing calls.

34. Individual joinder of all Class members is impracticable, due to the likely number of Class members and the fact that they are geographically dispersed.

35. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members' interests.

37. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone lines that occupied them from receiving legitimate communications.

38. This class action complaint seeks injunctive relief and monetary damages.

39. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendants systematically made multiple telephone calls to members of the Class; and

    b. whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls.

40. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

41. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual questions concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents and individual damages, which do not preclude class certification.

43. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual Class members in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are often not sufficient to make an individual action economically feasible. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

44. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the Class)**

45. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

46. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry.

47. Defendants' violations were negligent, willful, or knowing.

48. As a result of Defendants', and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

49. Plaintiff and the members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

  D. An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent emergency circumstances;

  E. An award to Plaintiff and the Class of damages, as allowed by law; and

  F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: October 16, 2025

        ROBERT A. DOANE
        By his attorney,

        <u>/S/ DAVID PASTOR</u>
        DAVID PASTOR
        BBO # 391000
        PASTOR LAW OFFICE, PC
        63 Atlantic Avenue, 3rd Floor
        Boston, MA 02110
        Telephone: (617) 742-9700
        Facsimile: (617) 742-9701
        dpastor@pastorlawoffice.com